UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACQUELINE NEVELS-KENT,

      Plaintiff,

v.                               CASE NO. 5:14-cv-626-Oc-18MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Supplemental Security Income.  Plaintiff alleges she became disabled on August 19, 2003.  A hearing was held before the assigned Administrative Law Judge ("ALJ") on June 4, 2013, at which Plaintiff was represented by an attorney.  (Tr. 27-60.)  The ALJ rendered an unfavorable decision on August 9, 2013.  (Tr. 10-20.)  The Appeals Council denied Plaintiff's request for review.  (Tr. 1-3.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

Plaintiff is appealing the Commissioner's decision that she was not disabled during the relevant time period.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

## I.     Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v.*

2

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

## II.    Discussion

Plaintiff argues one general point on appeal.  Plaintiff asserts that

substantial evidence does not support the ALJ's credibility determination.  More

specifically, Plaintiff asserts that the ALJ improperly evaluated Plaintiff's mental

and intelligence complaints.

Defendant responds the ALJ properly evaluated and rejected Plaintiff's

complaints regarding the severity of her mental and intelligence impairments.

Defendant further asserts that substantial evidence supports the ALJ's

determination in this regard.  The undersigned agrees with Defendant and

recommends that the decision be affirmed.

### A.    The ALJ's Decision

The ALJ determined that Plaintiff had severe impairments, including lumbar

disc herniation, post-traumatic stress disorder, bipolar disorder, and depression.

(Tr. 12.)  The ALJ then determined at Step Three that Plaintiff did not have an

impairment or combination of impairments that met or medically equaled the

severity of one of the listed impairments.  (Tr. 12.)

At Step Four, the ALJ found Plaintiff had the residual functional capacity

("RFC") to perform light work, but limited to the following restrictions:

3

> [T]he [Plaintiff] c[an] only occasionally stoop, crouch, crawl or kneel.  Non-exertionally, [Plaintiff] is able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks can be learned and performed within 30 days with few variables and little judgment, and the supervision required is simple, direct and concrete.

(Tr. 14.)  In making this finding, the ALJ considered Plaintiff's alleged impairments and Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms.  Specifically, the ALJ found, "after careful consideration of the evidence," that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause [her] alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in [the ALJ's] decision."  (Tr. 15.)  Moreover, the ALJ found Plaintiff's RFC assessment to be supported by Plaintiff's medical treatment history and activities of daily living.  (Tr. 19.)

### B.    The ALJ Properly Discredited Plaintiff's Testimony

Plaintiff argues that substantial evidence does not support the ALJ's credibility determination with respect to Plaintiff's mental and intellectual impairments.[2] The undersigned disagrees.

---

[2] Plaintiff contends only that the ALJ improperly evaluated her credibility regarding her mental and intellectual impairments.  (Doc. 23 at 4-14.)  To the extent that she believes the ALJ improperly evaluated her credibility regarding her physical impairments or limitations, she failed to address such arguments as required and has thus waived those

(continued...)

The Eleventh Circuit has established a three-part "pain standard" that applies when a claimant seeks to establish disability through her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). "If the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." *Id.*

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.*

Once a claimant establishes that her "pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain," pursuant to 20 C.F.R. § 404.1529, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; *see also* SSR 96-7p (stating that after the ALJ finds a medically determinable impairment exists, the ALJ must analyze "the intensity, persistence, and limiting

---

[2](...continued)

arguments. *See, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n. 3 (11th Cir. 2006) (holding that claimant waived issue because he did not elaborate on the claim or provide citation to authority about his claim); *N.L.R.B. v. McCalin of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived").

effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities").

When a claimant's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ "must make a finding on the credibility of the individual's statements based on a consideration of the entire case record."  SSR 96-7p.

> When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements. . . .  The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision.  It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.[3]  The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

*Id.*

"[C]redibility determinations are the province of the ALJ," *Moore v.*

---

[3] These factors include: (1) a claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the claimant's pain or other symptoms; (5) any treatment, other than medication, received by the claimant to relieve the pain or other symptoms; (6) any measures used to relieve the pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. § 404.1529(c)(3); SSR 96-7p.

*Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), and "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court," *Foote*, 67 F.3d at 1562.

For each of Plaintiff's mental impairments, the ALJ examined the medical records against Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms.  The ALJ is expressly permitted to consider such evidence in making a credibility determination.  *See* 20 C.F.R. § 404.1529(c)(2) (allowing the ALJ to consider objective medical evidence to assess the intensity and persistence of symptoms).  Upon review of the medical evidence, the ALJ found that the course of Plaintiff's mental treatment has been relatively routine and conservative.  (Tr. 17.)  This finding is supported by substantial evidence.  As the ALJ noted, Plaintiff first sought treatment in September 2012, at Health Resources of Arkansas with Betty Eash, L.A.C.  (Tr. 209-15.)  Plaintiff returned on November 8, 2012 and was prescribed medication.  (Tr. 241-45.)  From March through May 2013, Plaintiff received mental health treatment from Karen Rye, advanced registered nurse practitioner, following complaints of anxiety.  (Tr. 358-77.)  Plaintiff reported that she was out of medication and required a refill as a result of her travel plans.  (Tr. 360-61.)  Ms. Rye recommended that Plaintiff resume her previously effective medication.  (Tr. 361.)

As the ALJ noted, Plaintiff's treatment plan included monthly therapy sessions along with the prescription medication.  (Tr. 209-15, 241-45, 360-61.)

Plaintiff was not recommended or admitted for inpatient treatment.  (Tr., 214, 245, 361.)

The ALJ further discredited Plaintiff's testimony based on the effectiveness of treatment, which is supported by substantial evidence.  The ALJ noted that on May 2, 2013, Ms. Rye diagnosed Plaintiff with a GAF score of 60, which was increased from Plaintiff's 2012 diagnosed GAF score of 40.  (Tr. 214, 244, 361.)  Moreover, Ms. Rye noted that the prescribed medications were reported to be effective.  (Tr. 360-61.)  Plaintiff testified at the hearing that the prescribed medication has helped her with her hallucinations, that she feels better on anti-depressants, and that her bipolar medication helps control how she deals with other individuals.  (Tr. 34-35.)  Plaintiff also reported to Ms. Rye that she feels much worse without her medication.  (Tr. 360.)

The ALJ also considered Plaintiff's activities of daily living in assessing her credibility.  The ALJ is permitted to consider activities of daily living when making credibility determinations.  *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Conner v. Astrue*, 415 F. App'x 992, 995 (11th Cir. 2011) ("A claimant's daily activities may be considered in evaluating and discrediting a claimant's subjective complaints.") (citations omitted).  The ALJ found that Plaintiff's activities of daily living "suggest that her physical and mental impairments are not as limiting as she alleges."  (Tr. 18.)  The ALJ's finding in this regard is supported by substantial evidence.  The evidence of record shows that Plaintiff is able to

8

perform household chores such as feeding her pets in the morning, cooking and preparing simple meals, performing laundry, sweeping, and vacuuming.  (Tr. 33, 49, 138-39.)  Plaintiff also watches television, plays computer games, reads, enjoys arts and crafts, performs grocery shopping, attends church twice a week, and spends time with her children and grandchildren.  (Tr. 33, 49-50, 140-41.)

The ALJ further discredited Plaintiff's testimony regarding her symptoms based on her non-compliance with taking her psychotropic medication (*i.e.*, her admission that she starts and stops taking her medication).  (Tr. 17, 38-39.) Plaintiff appears to argue that the ALJ improperly discredited her testimony for this reason.  (Doc. 21 at 12-13 (stating that the ALJ speculated when he wrote that "[t]here is no evidence to suggest [Plaintiff's] condition cannot be controlled adequately if she would maintain the necessary physician-patient relationship and adhere to the medication regimen suggested by the treating physician").)

While the ALJ's reasoning in this regard appears to be underdeveloped, the undersigned finds that the ALJ was not required to further develop the record on this point because Plaintiff's non-compliance was one of multiple factors the ALJ considered in assessing her credibility.  *See, e.g., Smith v. Colvin*, Case No.: 1:1-cv-3737-SLB, 2013 WL 4851190 at *9 (N.D. Ala. Sept. 11, 2013) ("Plaintiff's non-compliance [with medication] was one of several factors considered in assessing her credibility and thus, the ALJ was not required to further develop the record on this point.").  In other words, the undersigned finds that any error

9

committed by the ALJ in evaluating Plaintiff's non-compliance as a factor to discredit her testimony is harmless because Plaintiff's non-compliance was not a primary reason for finding Plaintiff not disabled and, based on the above discussion, the ALJ provided other valid reasons for discrediting Plaintiff's testimony that are supported by substantial evidence.  *See, e.g., Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (holding that ALJ's insufficient analysis of the plaintiff's non-compliance with medications does not constitute reversible error where the ALJ's determination that the plaintiff was not disabled was not significantly based on a finding of non-compliance); *Alcott v. Comm'r of Soc. Sec.*, Case No.: 6:12-cv-453-Orl-DAB, 2013 WL 646173 at *6-9 (M.D. Fla. Feb. 21, 2013) (rejecting Plaintiff's argument that the ALJ erred in discrediting his testimony based on non-compliance where non-compliance was related to his mental limitations and noting that the ALJ relied on additional reasons supported by substantial evidence for finding Plaintiff not disabled); *Simpson v. Colvin*, Case No.: 14-288-N, 2015 WL 3447880 at *7 (S.D. Ala. May 29, 2015) ("Nevertheless, the ALJ's credibility determination may still be affirmed if [] valid reasons [other than non-compliance], supported by substantial evidence, are present.").

Here, the ALJ reviewed the record as a whole and determined that Plaintiff's testimony was inconsistent with her course of treatment, the effectiveness of her treatment, and her activities of daily living.  *Cf. Carter v. Comm'r of Soc. Sec.*, 411 F. App'x 295, 297 (11th Cir. 2011) ("[The Eleventh

Circuit] ha[s] affirmed an ALJ's decision that a claimant's testimony as to the alleged levels of pain and symptoms he experienced was not credible where the allegations were inconsistent with activities of daily living, limited use of pain medication, and effectiveness of treatment.") (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002)).  The ALJ's findings are supported by substantial evidence.

Plaintiff further contends that the ALJ erred by failing to develop the record with respect to Plaintiff's allegations regarding borderline intellectual functioning. The undersigned disagrees.  The Eleventh Circuit has held that the ALJ has the "duty to develop the record fully and fairly."  *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).  However, even in cases where a "special duty" arises for the ALJ to develop the record - - where the claimant is unrepresented by counsel at the hearing and has not waived the right to counsel - - the claimant must show prejudice occurred before a court will remand the case to the Secretary for reconsideration.  *See, e.g., Townsend v. Comm'r of Soc. Sec.*, 555 F. App'x 888, 891-92 (11th Cir. 2014) (per curiam); *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997) (per curiam); *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam).  A showing of prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from [Plaintiff]), or that the ALJ did not consider all of the evidence in the record in reaching his decision."  *Kelley*, 761 F.2d at

1540.  The "relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice."  *Id.*

Here, Plaintiff has not shown that the records reveal evidentiary gaps that result in unfairness or clear prejudice.  Plaintiff does not argue that the ALJ failed to consider all of the evidence of record in reaching his decision or that there were missing records that contain significant information pertaining to Plaintiff's claim of disability.  *See, e.g., Cline v. Astrue*, Case No.: 8:10-cv-465-T-TGW, 2011 WL 3563106 at *9 (M.D. Fla. Aug. 10, 2011) ("[E]ven assuming that there are [missing] records, the plaintiff does not show that the records may contain significant information pertaining to her claim of disability.").  Rather, Plaintiff argues that the ALJ should have sent Plaintiff out for IQ testing and a mental status evaluation.  (Doc. 21 at 13.)  Plaintiff also asserts that the ALJ failed to either "investigate the facts" or "explore all the relevant facts."  *Id.*

However, an ALJ is not required to order a consultative examination as long as the record contains sufficient evidence for the ALJ to make an informed decision.  *See, e.g., Doughty v. Apfel*, 254 F.3d 1274, 1281 (11th Cir. 2001).  As noted by the ALJ, no professional made medical findings or clinical observations suggesting any learning disorder or other limitation despite her alleged borderline intelligence.   Additionally, Plaintiff denied any mental conditions, limitations, or learning problems in her disability reports.  (Tr. 128, 131, 155.)  Plaintiff also reported that she does not require assistance in managing finances and that she

12

follows written and spoken instructions "very well."  (Tr. 140, 142.)  The record

contains substantial evidence for the ALJ to make an informed decision.

Further, Plaintiff failed to explain how the absence of further testing or

evaluation precluded the ALJ from making an informed disability determination or

how an additional assessment would have affected the overall disability

determination.  *See, e.g. Henderson v. Comm'r of Soc. Sec.*, 353 F. App'x 303,

305 (11th Cir. 2009) ("[The plaintiff] does not explain how the absence of a

mental RFC assessment from the record precluded the ALJ from making an

informed disability determination.  Nor does she explain how such assessment

would have affected the ALJ's overall disability determination.")

## III.   Conclusion

The undersigned finds that the ALJ's rationale for rejecting Plaintiff's

testimony regarding the severity of her mental limitations provides the specificity

required to withstand any allegations of error.  The undersigned concludes that

the ALJ's assessment of Plaintiff's credibility is clearly articulated and

corroborated by substantial evidence in the record.  The question is not whether

the undersigned would have arrived at the same decision on *de novo* review;

rather, review is limited to determining whether the ALJ's findings are based on

correct legal standards and supported by substantial evidence.  Based on this

standard of review, the undersigned recommends that the ALJ's decision that

Plaintiff was not disabled within the meaning of the Social Security Act for the

time period in question be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Commissioner's decision be **AFFIRMED**.

2.      The Clerk of Court be directed to enter judgment accordingly and

close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 24, 2015.


MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable G. Kendall Sharp
United States District Judge

Counsel of Record

14